## JAMES T. ARMSTRONG *v.* POLICE JURY OF MADISON.

Unless the Police Jury of the parish complies with the necessary legal formalities as to notice, time of delay, and form of proceeding in making an adjudication for the purpose of building a levee in front of the lands of non-residents, there is no privilege upon such lands for the price of the work done.

Where the Police Jury has not complied with legal requisites to give a contractor a privilege upon the front lands for the price of building a levee, the Police Jury will be held liable for the price.

APPEAL from the District Court of Madison, *Richardson*, J. *Thomas* and *Snyder*, for appellee. *Stockton* and *Steele* for appellants. The judgment of the court was pronounced by

ROST, J. This is a suit brought against the Police Jury of the parish of Madison to recover the amount of an adjudication made by one of the levee inspectors of that parish, for the repairing of a levee on land belonging to non-residents. The owners of the land were made parties to the proceeding ; and the prayer of the petition is for a judgment against the Police Jury for the sum claimed and interest ; that the plaintiff be decreed to have a privilege upon the land ; and that the same may be ordered to be seized and sold under the judgment. The Police Jury pleaded the general issue. The other defendants, and *Sarah Cowan*, the intervenor, who recovered the land from the defendants after the institution of this suit, denied the existence of the privilege claimed, on the

ARMSTRONG
*v.*
POLICE JURY
OF
MADISON.

ground of material informalities in the proceedings of the inspector before the adjudication. There was judgment in favor of the plaintiff for the sum claimed and interest; his privilege upon the land was recognized; and the land was ordered to be sold in satisfaction of the judgment. On the application of *Sarah Cowan* for a new trial, the plaintiff entered a *remittitur* of the privilege for a part of the judgment. The application was then refused, and *Sarah Cowan* appealed.

The informalities alleged by the appellant are fully proved. The notice required by the police regulations was not given; the work to be done was not sanctioned by a jury of planters; and the adjudication was prematurely made. It cannot be said, therefore, that the work was done in the manner required by law, or by the police regulations of the parish; and unless it had been, the plaintiff has no privilege. C. C. 3216, ¶ 4. The judgment, so far as it allows a privilege upon the land, must be reversed; and as there is no prayer in the petition for a judgment against the owner of the land on the *quantum meruit*, the intervenor is entitled to the relief she asks.

In the case of *Brown* v. *Police Jury of Madison*, 4th Ann. 180, cited by the defendants, it was proved that the formalities required before the adjudication had been complied with; and we held that the Police Jury was not primarily liable. But in this case the plaintiff has lost his privilege by reason of the informalities of the proceedings of the levee inspector, and the rule laid down in *Newcomb* v. *Police Jury of East Baton Rouge*, 4 R. R. 233, must govern.

We will here observe, that the case of *Brown* would, from the language used, seem to have been decided under the act of 1829 relative to roads and levees. This is not the fact. The act of 1829 was never in force in the parish of Madison as an act of the Legislature. But it was adopted by the Police Jury of that parish as one of their ordinances. *Brown's* case was decided under the ordinance.

It is therefore ordered, that the judgment in this case, so far as it decrees that for the payment of the sum which the Police Jury is adjudged to pay, the plaintiffs have a mortgage and privilege upon the land claimed by the intervenor, *Sarah Cowan*, and that said land be seized and sold in due course of law to pay and satisfy plaintiff's demand and costs of suit, be reversed. It is further ordered, that there be judgment in favor of the intervenor, *Sarah Cowan*, with costs in both courts.